# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee, in trust for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates,<br><br>           Plaintiff,<br><br>v.<br><br>DONNA M. LOMBARDO,<br><br>           Defendant. | Docket No. 2:19-cv-00291-NT<br><br>RE:  93 Spicebush Drive<br>       Wells, ME 04090<br><br>Mortgage: September 26, 2006<br>York County Registry of Deeds<br>Book 14965, Page 0615 |

### ORDER ON PLAINTIFF'S MOTION
### TO REOPEN CASE AND APPOINT A RECEIVER

This matter is before me on the motion of Plaintiff HSBC Bank USA, National Association, as Trustee, in trust for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates, to reopen the case and its expedited motion to appoint a receiver. For the reasons stated below, the Plaintiff's motion to reopen the case and appoint a receiver is **GRANTED**.

The Plaintiff brought this action against Defendant Donna Lombardo in June of 2019 seeking to foreclose on mortgaged real property located at 93 Spicebush Drive in Wells, Maine (the "**Property**"). On October 19, 2020, at the Defendant's request, I entered an order referring the matter to the State of Maine Foreclosure Diversion Program ("**FDP**") for mediation. Order on Def.'s Mot. for Order to Refer Case to Foreclosure Diversion Program (ECF No. 35). The federal court case was stayed while

the parties mediated in the FDP. *See* Status Reports (ECF Nos. 37–41, 44–45, 48–49, 52). After holding a telephonic conference with counsel to discuss the status of the FDP proceedings (ECF No. 51), I entered an order administratively closing the case while the parties continued to mediate. Order (ECF No. 53). The order provided that any party could initiate further proceedings in this matter by filing a motion to reopen the case. Order 2.

On March 1, 2023, the Plaintiff filed the instant motion. Mot. to Remove Stay and Expedited Mot. to Appoint a Receiver ("**Mot.**") (ECF No. 54). In the motion, Plaintiff represented that Ms. Lombardo had died in February of 2023 and that there are two unidentified people (and a dog) living at the Property who have not been paying for the gas needed to heat the Property. Mot. 2–3. I held a teleconference on the Plaintiff's motion on March 6, 2023, at which Plaintiff's counsel and the former counsel for the Defendant[1] provided the Court with additional information about the status of the Property and Ms. Lombardo's estate. Minute Entry (ECF No. 56). The Plaintiff also orally amended its motion, at my suggestion, to clarify that it was seeking to reopen the administratively closed case, rather than remove a stay, which I granted. At the teleconference, I requested that Plaintiff's counsel provide additional factual and legal support for its motion to appoint a receiver. In response to my request, the Plaintiff filed an affidavit (ECF No. 59) on March 10, 2023.

---

[1] At the teleconference, Attorneys D'Alessandro and Selkowitz moved to withdraw from the case because their client, Ms. Lombardo, is now deceased. Oral Mot. (ECF No. 57). I granted their motion. Oral Order (ECF No. 58).

2

Based on the exigent circumstances outlined in the Plaintiff's motion and affidavit, and as discussed during the March 6, 2023 telephonic hearing, I find that appointment of a receiver is appropriate. The Defendant is deceased, and probate proceedings are required to appoint a special administrator for the Defendant's estate. Given the current lack of proper property management, there is a significant concern regarding the preservation of the property in the interim while the parties wait for such a special administrator to be appointed in state probate court.

"This Court has inherent equitable power to appoint a receiver to manage or preserve property pending judgment," *U.S. Bank Nat'l Ass'n v. SRA Augusta SPE, LLC*, No. 1:16-cv-00410-JDL, 2016 WL 6808132, at *4 (D. Me. Nov. 17, 2016), and "the decision to appoint a receiver . . . lies within the discretion of the court," *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988).[2] Among the factors that a court may consider are: (1) whether the property is in imminent danger; (2) whether the available legal remedies are adequate; (3) whether the harm to the Plaintiff caused by the denial of the appointment would exceed the harm to the Defendant and others opposed to the appointment; (4) whether the Plaintiff is likely to succeed in the action; (5) whether the Plaintiff's interests in the property might be susceptible to irreparable injury; and (6) whether the interests of the Plaintiff and others sought to be protected will be well served by the receivership. *Id.* at 326–27.

---

[2] Rule 66 of the Federal Rules of Civil Procedure governs actions in which receivers are appointed, but it provides little guidance and instead merely states that "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66.

3

Here, I find that good cause exists to appoint a receiver. It appears that unidentified squatters are living at the Property, are possibly looting it, and are not protecting or maintaining the Property in any way, including not paying for the gas necessary to heat the Property in the winter months. The Plaintiff has shown that the Property is in imminent danger and that the Plaintiff's interests in the Property likely will be irreparably harmed if a receiver is not appointed. No one has opposed the requested receivership. Indeed, the interests of others, specifically those with an interest in the Defendant's estate, will also be protected if a receiver is appointed to preserve the Property. In addition, the terms of the mortgage on the Property provide that the Plaintiff "may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property . . . including . . . protecting and/or assessing the value of the Property, and securing and/or repairing the Property." Mortgage 8–9 (ECF No. 1-3). Accordingly, to avoid the potential harm and diminished value of the subject Property, appointment of a receiver is warranted to preserve the Plaintiff's interest.

Pursuant to Federal Rule of Civil Procedure 66, the Plaintiff's motion to appoint Benjamin P. Campo, Jr., Esq., as Receiver of the Property (ECF No. 54) is **GRANTED**. Benjamin P. Campo, Jr., Esq., is hereby appointed Receiver of the real property located at 93 Spicebush Drive, Wells, Maine 04090. The Receiver's authority pertains solely to the subject Property and his powers include: the determination of legal occupancy status, the collection of rent/use and occupancy payments, the institution of eviction proceedings if necessary, and the power to make necessary

4

5

repairs and maintenance expenditures for the overall preservation of the Property. Should additional powers of authority relating to this matter be required by said Receiver, they shall be sought by motion filed in this Court.

SO ORDERED.

                                              /s/ Nancy Torresen
                                              United States District Judge

Dated this 14th day of March, 2023.